**David R. RUIZ, Petitioner-Appellant,**

v.

**Dr. George J. BETO, Director, Texas Department of Corrections, Respondent-Appellee.**

No. 71–1509

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

June 28, 1971.

Rehearing Denied July 21, 1971.

---

* [1] Rule 18, 5th Cir. See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 431 F.2d 409, Part I (5th Cir. 1970).

**812**

Frances T. F. Jalet, Houston, Tex., for petitioner-appellant.

David R. Ruiz, pro se.

Crawford C. Martin, Atty. Gen. of Texas, Roland Daniel Green, III, Nola White, First Asst. Atty. Gen., Alfred Walker, Executive Asst. Atty. Gen., Robert C. Flowers, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

David R. Ruiz appeals from the denial by the United States District Court, without an evidentiary hearing, of his petition for a writ of habeas corpus releasing him from the custody of the State of Texas where he pled guilty to three charges of robbery. The appellant asserts a number of contentions, all of which relate to the following: (1) whether he was denied the effective assistance of trial counsel; (2) whether his pleas of guilty were voluntarily and understandingly entered; and (3) whether the United States District Court should have conducted an evidentiary hearing on his petition. We have carefully examined the record of the state court proceedings in which the appellant pled guilty in the presence of his counsel, and find no merit in his contentions.

■ First, the record clearly shows that he was represented by privately retained counsel of his own choice in a manner which well exceeded minimum constitutional requirements.

■ Secondly, it is apparent from the state court record that the state trial judge carefully and fully examined appellant to ascertain that his plea of guilty was voluntarily and understandingly entered. In addition to the guilty plea, witnesses were called and testified to facts which clearly established the appellant's guilt. Therefore, the question of whether the Texas court complied with Vernon's Ann. Texas Code of Criminal Procedure, Article 1.15, in receiving evidence to support the guilty pleas does not rise to a level of constitutional import. Indeed, retained counsel agreed to the manner in which the evidence of appellant's guilt was presented.

■ The state court record is full and complete, and in our opinion, obviated the necessity of an evidentiary hearing on appellant's habeas petition. The record amply supports the action of the district court in denying the petition. We are convinced that there is no merit in any of appellant's contentions.

Affirmed.